**In re John R. MECKSTROTH, Sr., Debtor.**

**CHICAGO TITLE INSURANCE COMPANY, Plaintiff,**

v.

**Barbara A. MECKSTROTH, et al., Defendants.**

**Adv. No. 1–82–0301.**
**Related Case No. 1–82–02025.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 3, 1982.

Dennis J. Murphy, Cincinnati, Ohio, for plaintiff.

R. Edward Tepe, Cincinnati, Ohio, for John R. Meckstroth.

Christine Chronis, Cincinnati, Ohio, for Barbara Meckstroth.

Michael E. Maundrell, Cincinnati, Ohio, for remaining defendants.

## DECISION AND ORDER ON MOTION TO CONVERT AND APPLICATIONS FOR APPOINTMENT OF EXAMINER AND APPOINTMENT OF TRUSTEE.

BURTON PERLMAN, Bankruptcy Judge.

Debtor herein filed a voluntary Chapter 11 petition. Ryland Mortgage Company and Chicago Title Insurance Company, creditors of the debtor, filed a joint application for appointment of examiner. (Chicago Title had earlier filed an application for appointment of a trustee, but withdrew that application in conjunction with its application for appointment of examiner.) Subsequently Terrence R. Monnie representing himself to be a creditor of debtor, filed a separate application seeking the appointment of a trustee. By agreement, these matters were heard on September 28, 1982 at the same time as certain other matters, which are the subject of a separate decision in connection with this case, came on for hearing. At the hearing, counsel for Monnie moved for conversion of this case to one under Chapter 7.

Those supporting the appointment of an examiner, opposed appointment of a trustee. It was represented by them that the debtor would shortly be out of any business he had theretofore conducted. Further, they stated that the debtor had displayed complete cooperation in dealing with these creditors, and the appointment of a trustee would be an unwarranted expense for the estate.

Those seeking appointment of a trustee pointed out that there was no denial by the debtor of his defalcation, and that at a § 341 meeting, debtor had refused to answer questions on Fifth Amendment grounds. It was argued as well that some entity was going to have to pursue funds which may have been wrongfully transferred by the debtor, and this should be done by a trustee, not the debtor.

At the hearing, in response to the assertion that debtor had claimed a Fifth Amendment privilege, counsel for debtor stated that debtor had had a change of heart and debtor was now willing to testify fully and would make no claim for immunity. Finally, at the hearing counsel for debtor remarked that the plan which would be filed in the Chapter 11 case would be a liquidating plan.

After careful consideration of the factors involved here, we have concluded that the circumstances present require conversion of this case to Chapter 7. Conversion is appropriate pursuant to 11 U.S.C. § 1112(b)(1) and (2), because this is clearly not an effort at rehabilitation, and in view of the past conduct of debtor further diminution of the estate is not unlikely, and we do not believe that creditors will accede to any plan. Furthermore, appointment of a trustee will occur upon conversion because this is a normal incident of a Chapter 7 case. The application for appointment of a trustee is therefore mooted. We note parenthetically that in view of the admissions made by counsel for debtor in open court regarding the prior fraudulent conduct of debtor and his misapplication of funds, that it would be unsound to leave the affairs of the debtor in debtor's own hands. We therefore believe that cause has been made out under 11 U.S.C. § 1104(a)(1) for the appointment of a trustee.

The case will be converted to Chapter 7.

SO ORDERED.